AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court

DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                                    **ORDER OF DETENTION PENDING TRIAL**

_____BRANDON M. LUTZ_____                     Case Number: 05-20111-01-KHV-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
   ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated:  December 14, 2005                          s/ David J. Waxse
                                                   *Signature of Judicial Officer*

                                                   DAVID J. WAXSE, U.S. MAGISTRATE JUDGE

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Brandon M. Lutz
Criminal Action 05-20111-01-KHV-DJW

## Part II - Written Statement of Reasons for Detention

The statute in question is 18 U.S.C. §3142(g). I have to look at the following factors to determine whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of the person and the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence or an offense, which doesn't apply here, involving drugs. The Congress has taken the position that these crimes are crimes of violence, so that's a negative factor in your case.

The weight of the evidence would be a negative factor because we have a Grand Jury Indictment and testimony of an agent.

The next factor is your history and characteristics, including your physical and mental condition. Those appear to be positive.

Your family ties would be positive.

Your employment is negative at the moment since you don't appear to have any employment.

The next factor is your financial resources. There is no indication that you have substantial resources that would enable you to flee, so that's not considered a negative at this point.

The length of residence in the community and your community ties are positive.

Your past conduct and history related to drug or alcohol abuse would be positive.

Your criminal history is positive.

Your record concerning appearance at court proceedings is positive.

The next factor is whether at the time of the current offense or arrest you were on probation, parole or other release pending trial. It does not appear that you were, so that would be a positive.

The final factor is the nature and seriousness of the danger to any person of the community that would be posed by your release. That is my biggest concern in this case because, as counsel for the government has already indicated, most of these cases involve situations where people have simply downloaded. It appears that you have done two things beyond downloading: (1) you've posted pornography, and (2) you've created what might be considered pornography. Under the circumstances that have been described, it does not appear to me there are conditions that would protect the community sufficiently to allow your release. You will remain detained pending further hearing.