**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Crim. No. 05-20111-01-KHV |
| v. ) | |
| ) | |
| **BRANDON M. LUTZ,** ) | Civil No. 07-2259-KHV |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody</u> (Doc. #35) filed June 18, 2007. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On February 1, 2006, a grand jury returned a superseding indictment which charged Brandon M. Lutz with two counts of possession of child pornography in violation of 18 U.S.C. § 2252(a)(2) and one count of using a minor to create a pornographic video in violation of 18 U.S.C. § 2251(a). <u>See</u> <u>Superseding Indictment</u> (Doc. #17). On April 17, 2006, defendant pled guilty to using a minor to create a pornographic video. On July 10, 2006, the Court sentenced defendant to 360 months in prison.[1] Throughout the proceedings, Phillip A. Burdick and Cristopher R. Williams represented

---

[1] Defendant's base offense level was 32. Defendant received a four level enhancement because the offense involved a minor under the age of 12, a two level enhancement because the offense involved distribution of material relating to the sexual exploitation of minors, a four level enhancement because the offense included material that portrayed sadistic or masochistic conduct and a two level enhancement because he was related to the minor involved in the offense, resulting in an adjusted offense level of 44. Defendant received a three level reduction for timely acceptance of responsibility and a five level enhancement because the offense involved a covered sex crime and defendant engaged in a pattern of activity involving prohibited sexual conduct, resulting in a total

(continued...)

defendant.

On June 18, 2007, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Defendant's motion alleges that (1) Mr. Burdick was ineffective during plea negotiations because he informed defendant that his maximum sentence would be 235 months; (2) his plea was not voluntary because no one at the change of plea hearing informed him that the sentencing guideline range of 188 to 235 months would not apply; (3) Mr. Burdick was ineffective because he did not adequately review the charge with defendant and only visited him twice in a seven-month period; (4) Mr. Burdick was ineffective because he appeared at only two of defendant's five court appearances and Mr. Williams, who appeared for defendant, was not familiar with federal court procedure; and (5) Mr. Burdick was ineffective because he never consulted defendant about his right to appeal.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

**I.     Procedural Bar – Waiver Of Collateral Challenges (Claims 3, 4 and 5)**

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir.

---

[1](...continued)
offense level of 46, which is treated as an offense level of 43 under Application Note 2 to United States Sentencing Guidelines ("U.S.S.G.") Chapter 5, Part A. Defendant's total offense level of 43, with a criminal history category I, resulted in a sentencing range of 360 months as capped by the statutory maximum for the offense.

2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19, 2004).

  A. Scope of the Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered his plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **10.** **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right

>to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 10. The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's conviction or sentence. In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." 237 F.3d at 1187. In this case, defendant's third, fourth and fifth claims (review of charge with defendant and number of times visited, number of personal appearances in court and substitute counsel's familiarity with federal rules, and consultation about possible appeal) do not challenge the validity of the plea or the waiver. Accordingly, such claims fall within the scope of the waiver in the plea agreement. See Cockerham, 237 F.3d at 1187.

### B. Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy. Hahn, 359 F.3d at 1325. The Court conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that he understood the charge against him, the maximum penalties, the rights he was waiving and the factual basis for his plea. Defendant acknowledged that his plea was free and voluntary, that no one had forced or threatened him to enter it, and that the only reason he was entering a plea of guilty was that he was in fact guilty as charged. Nothing in the record suggests

that defendant's plea, or his waiver of post-conviction rights, was unknowing or involuntary.  The plea petition reflects that defendant had sufficient time to discuss the matter with his attorneys, that he was satisfied with his attorneys' representation, and that he had read and understood the plea agreement.  In sum, the language of the plea agreement, the plea petition and the Rule 11 colloquy established that defendant's waiver of his rights was knowing and voluntary.

C.     Miscarriage Of Justice

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice."  Hahn, 359 F.3d at 1327.  This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings.  Id.  Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.  Anderson, 374 F.3d at 959.  Here, defendant does not contend that enforcing the waiver would result in a miscarriage of justice.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. In particular, defendant did not receive a sentence in excess of the statutory maximum of 30 years.  See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn inquiry refers to statute of conviction), cert. denied, 546 U.S. 980 (2005).  Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings.  See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on

judge-made findings), cert. denied, 546 U.S. 989 (2005). The Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, defendant's third, fourth and fifth claims are barred by the waiver of collateral challenges in the plea agreement.

## II. Substantive Merit Of Defendant's Petition

In addition to the procedural bars discussed above, all of defendant's arguments lack substantive merit.

### A. Claim 1 - Ineffective Assistance - Advice On Maximum Sentence

To establish ineffective assistance of counsel, defendant must show (1) that the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988) (citation omitted), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Defendant argues that Mr. Burdick was ineffective during plea negotiations because he led him to believe that the maximum sentence under the guidelines would be 235 months. Even if the Court assumes that Mr. Burdick so informed defendant, such advice does not constitute ineffective assistance. A "miscalculation or erroneous sentence estimation" by defense counsel is not constitutionally deficient performance. United States v. Gordon, 4 F.3d 1567, 1570-71 (10th Cir. 1993), cert. denied, 510 U.S. 1184 (1994); see United States v. Kutilek, No. 07-3275, 2008 WL 109343, at *5 (10th Cir. Jan. 11, 2008); United States v. Estrada, 849 F.2d 1304, 1307 (10th Cir. 1988); see also McMann v. Richardson, 397 U.S. 759, 770 (1970) (guilty plea may be intelligently made even if all advice offered by defense counsel does not withstand retrospective examination); United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005) (standing alone, erroneous sentence estimate does not render plea involuntary), cert. denied, 126 S. Ct. 2318 (2006). In addition, defendant did not suffer prejudice from counsel's prediction because at the plea hearing, the Court fully explained that it could sentence defendant up to 30 years in prison, that until the presentence report was complete, no one was in a position to tell him for certain what kind of sentence he was looking at under the guidelines, and that the guidelines are not binding on the Court.[2] See Gordon, 4 F.3d at 1571 (no prejudice from attorney miscalculation because court explained that its calculation may differ from attorney's calculation and that it would consider factual data relating to any counts dismissed or about to be dismissed); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (attorney sentence miscalculation does not result in prejudice where court had

---

[2] The plea petition and plea agreement also noted that defendant faced a maximum punishment of 30 years in prison. In addition, the prosecutor explained that the sentencing range of 188 to 235 months was only the best estimate by the government and defense counsel and that they did not know defendant's criminal history or all the circumstances which might lead to enhancements.

explained that it retained discretion as to what sentence would be), cert. denied, 499 U.S. 940 (1991).

Even if defense counsel misinformed defendant about the maximum sentence, he has not shown a reasonable probability that but for his misunderstanding, the results of the proceeding would have been different, i.e. that he would not have agreed to plead guilty. See Rantz, 862 F.2d at 810-11. In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346.

B.     Claim 2 – Involuntary Plea

Defendant argues his plea was not voluntary because no one at the change of plea hearing informed him that the sentencing guideline range of 188 to 235 months would not apply. This argument is factually and legally without merit. An erroneous sentence estimate by defense counsel does not render a plea involuntary. See Silva, 430 F.3d at 1099; Wellnitz v. Page, 420 F.2d 935, 937 (10th Cir. 1970); see also Gordon, 4 F.3d at 1570-71 (miscalculation or erroneous sentence estimate not constitutionally deficient performance). Likewise, to the extent defendant assumed that his sentence would be between 188 and 235 months based on the comments by government counsel and the Court at his plea hearing, his erroneous expectation does not render his plea involuntary. See Wellnitz, 420 F.2d at 937 (defendant's erroneous expectation based on attorney estimate does not render plea involuntary). Defendant cannot blindly rely on the estimated sentencing range mentioned by the prosecutor and ignore other cautionary statements in the plea colloquy. See United States v. Bierd, 217 F.3d 15, 21 (1st Cir. 2000) (defendant's reliance on sidebar comment misplaced in context of entire plea colloquy). Furthermore, the Court explained that it could sentence defendant up to 30 years in prison, that until the presentence report was complete, no one

could tell him for certain his sentencing range under the guidelines, and that the sentencing guidelines are not binding on the Court. Finally, the plea petition and plea agreement noted that defendant faced a maximum punishment of 30 years in prison. See United States v. Landshaw, 206 Fed. Appx. 773, 775-76 (10th Cir. 2006), cert. denied, 128 S. Ct. 646 (2007); Silva, 430 F.3d at 1099; Gordon, 4 F.3d at 1571. Defendant's alleged reliance on the estimated sentencing range of 188 to 235 months does not establish a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346.

        C.      Claim 3 – Ineffective Assistance – Minimal Visits With Defendant

Defendant argues that Mr. Burdick was ineffective because he did not adequately review the charge with defendant and only visited him twice in a seven month period.[3] The number of visits and the brevity of consultation time between defendant and counsel alone do not establish deficient performance. See Jones v. Conway, 442 F. Supp.2d 113, 126 (S.D.N.Y. 2006) (number of meetings); Raposo v. United States, No. 01 Civ. 5870, 2004 WL 1043075, at *3 (S.D.N.Y. May 7, 2004); United States ex rel. Kleba v. McGinnis, 796 F.2d 947, 954 (7th Cir. 1986) (number of meetings); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984); Chavez v. Pulley, 623 F. Supp. 672, 685 (C.D. Cal. 1985). In addition, defendant has not shown prejudice because he has not explained how further explanation of the charge against him or additional meetings would have resulted in a different outcome, i.e. he would have insisted on going to trial. Ordenes v. United States, No. 05-CIV-8968(HB), 2007 WL 1766772, at *12 (S.D.N.Y. June 9, 2007). In fact, at the change of plea hearing, defendant told the Court that he had had sufficient opportunity to consult

---

[3] Defendant does not explain whether Mr. Williams consulted with him.

with counsel. The Court therefore overrules defendant's claim related to the number of visits by counsel.

### D. Claim 4 – Ineffective Assistance – Appearing At Only Two Court Appearances And Failure To Secure Competent Substitute Counsel

Defendant argues that Mr. Burdick was ineffective because he appeared at only two of defendant's five court appearances and Mr. Williams, who appeared for defendant, was not familiar with federal court procedure. Because defendant does not allege or show how Mr. Williams provided deficient advice or performance, he likewise cannot show that Mr. Burdick was ineffective by having Mr. Williams cover several court appearances. The record reflects that shortly after defendant was arrested, he retained Mr. Williams and Mr. Burdick to represent him. See Arrest Warrant (Doc. #5), executed on December 7, 2005; Entry Of Appearance (Doc. #7) filed December 12, 2005 by Mr. Williams; Motion To Suppress (Doc. #12) filed December 30, 2005 by Mr. Burdick with Mr. Williams listed as co-counsel from the same law firm. Defendant did not inform the Court that he was dissatisfied with the services of counsel or the fact that the same attorney did not appear at every court appearance. Indeed, in the plea colloquy, defendant stated that he was satisfied with the representation and advice of his attorneys. Defendant has not shown that Mr. Burdick provided deficient performance by having Mr. Williams cover several court appearances. Defendant also has not alleged or shown prejudice because he has not explained how having Mr. Burdick at every court appearance would have resulted in a different outcome, i.e. he would have insisted on going to trial. See Rantz, 862 F.2d at 810-11. The Court therefore overrules defendant's motion on this ground.

### E. Claim 5 - Ineffective Assistance – Failure To Consult About An Appeal

Liberally construed, defendant argues that counsel was ineffective because he never consulted defendant about a possible appeal. In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the

Supreme Court rejected a bright-line rule that counsel's failure to consult with defendant regarding an appeal is *per se* deficient. Id. at 480. Instead, counsel must consult defendant about an appeal if counsel has "reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. In evaluating this type of claim, the Court must take into account all information which counsel knew or should have known. Id. Though not determinative, the Court must also consider the highly relevant factor whether the potential appeal followed a plea or a verdict "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. When defendant pleads guilty, the Court must also consider such factors as whether defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Id. In addition to deficient performance, defendant must show that counsel's failure to consult with him about an appeal was prejudicial. To show prejudice in these circumstances, defendant must show a reasonable probability that but for counsel's failure to consult with him about an appeal, he would have timely appealed. Id. at 484.

Based on the record, the Court finds that counsel's alleged failure to consult defendant about an appeal was neither deficient nor prejudicial. First, defendant's conviction was the result of a guilty plea, and his actual sentence (30 years) was the same as the guideline sentence – capped by the statutory maximum, about which the Court and the plea agreement informed defendant. Defendant did not enter a conditional plea and he expressly agreed that he would not be permitted to withdraw his plea if he did not agree with the sentence which the Court imposed. Second, in the plea agreement, defendant waived his right to appeal or collaterally attack his sentence, thus

indicating that he sought an end to judicial proceedings. Third, defendant has not alleged or shown that he expressed to counsel any interest in appealing his conviction or sentence. Based on these facts, reasonable counsel would believe that defendant did not have any non-frivolous issues to appeal and that defendant did not desire to appeal. Therefore, counsel was not deficient in failing to consult defendant about a possible appeal. See United States v. Rios-Garcia, No. 02-20104-01-KHV, 2005 WL 3845345, at *7 (D. Kan. Dec. 8, 2005), appeal dismissed on request for certificate of appealability, 200 Fed. Appx. 793 (10th Cir. 2006), cert. denied, 127 S. Ct. 1343 (2007); United States v. Flowers, No. 03-3051-SAC, 2004 WL 1088767, at *8 (D. Kan. 2004).

Even if counsel was deficient in not consulting defendant about a possible appeal, defendant has not shown a reasonable probability that but for counsel's deficient performance, an appeal would have been filed.[4] Defendant has not identified and the Court cannot find any non-frivolous grounds on which he could appeal in light of the waiver in the plea agreement. Defendant has not shown a reasonable probability that he would have filed a notice of appeal had his counsel consulted with him. Rios-Garcia, 2005 WL 3845345, at *8; Flowers, 2004 WL 1088767, at *8.

### III. Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no response by the government or evidentiary hearing is required. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To

---

[4] The Court does not presume prejudice in these circumstances. That presumption only applies where counsel disregards a defendant's specific instructions to file an appeal. See Roe, 528 U.S. at 477, 484-85; United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). Here, defendant does not allege that he asked counsel to file an appeal, but rather that counsel did not consult with him about the possibility of an appeal.

<u>Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody</u> (Doc. #35) filed June 18, 2007 be and hereby is **OVERRULED**.

Dated this 19th day of February, 2008, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
